I must respectfully dissent from the decision reached by the majority.
Appellees did present evidence which showed that appellant created a permanent and continuing dangerous condition. The expert testimony offered by Tuholsky established that appellant negligently created a dangerous situation in the area of the mall where appellee fell. As the majority noted, Tuholsky calculated from appellant's spill log that the area of the mall where appellee fell was accountable for 14 percent of the spills in the mall. As such, Tuholsky was of the opinion that this area of the mall was a "high risk" area which warranted extra safety precautions. Although appellant was aware of this fact, it failed to take any extra safety precautions.
In cases, such as the one at bar, wherein mall security or managerial personnel are put on notice that a dangerous condition is known to repeatedly occur and do not take extra safety precautions to avoid a hazard to its customers, they must be held liable for failing to do so. (See, for example, Wilson v.Eastgate Company, et al. (Mar. 27, 1995), Clermont County App. No. CA94-04-027, unreported). This is particularly true in this matter as spills or puddles of liquid were known by appellant to gather in the area in which appellee fell.
Given the specific facts in this case, the jury properly found in favor of appellees. Therefore, I would affirm the jury verdict and the judgment rendered upon such verdict by the trial court.